# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTIS C. CARROLL, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-848 |
| | : | |
| GREGORY MALLON | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                              **June 7, 2022**

The Commonwealth presently detains Artis C. Carroll, Jr. after he failed to appear at a January 31, 2022 hearing following his November 2021 arrest. A judge issued a bench warrant leading to Mr. Carroll's immediate arrest. Judge Gregory Mallon held a bench warrant hearing a couple days later. Judge Mallon refused to reinstate bail and ordered a mental health evaluation. Mr. Carroll now pro se sues Judge Mallon of the Delaware County Court of Common Pleas for failing to reinstate his bail, failing to grant unsecured bail, and ordering him to undergo a mental health evaluation. Mr. Carroll asks we set aside Judge Mallon's Order for a mental health evaluation and award him monetary damages.

Mr. Carroll filed this case with our leave to proceed without paying the filing fees given his indigent incarcerated status. Congress requires we screen complaints filed without paying filing fees for merit before the taxpayers incur costs of summons and Marshal service. We studied Mr. Carroll's facts and claims. We must dismiss Mr. Carroll's claims against Judge Mallon with prejudice as his claims are frivolous following our mandated screening.

### I.     Alleged pro se facts

Unidentified state actors arrested Mr. Carroll—Mr. Carroll does not identify the branch or agency—and detained him in an unspecified correctional facility on November 4, 2021 for

1

unpleaded reasons.[1] One of the "persons involved in having [Mr. Carroll] arrested . . . bailed him out" on December 1, 2021.[2] Mr. Carroll did not know about, and thus missed, a hearing in front of Judge Mary Brennan of the Delaware County Court of Common Pleas on January 31, 2022.[3] Judge Brennan issued a bench warrant for Mr. Carroll's arrest.[4] Persons from an "unknown law enforcement agency" arrested him at his house the following day.[5]

Judge Mallon held a bench warrant video hearing on February 3, 2022.[6] Judge Mallon refused to reinstate Mr. Carroll's bail, grant unsecured bail, or rule on Mr. Carroll's pleadings.[7] He ordered Mr. Carroll undergo a mental health evaluation.[8] Three minutes after the video hearing concluded, he called Mr. Carroll back to the video hearing to explain again he ordered Mr. Carroll undergo a mental health evaluation.[9] Mr. Carroll objected to Judge Mallon's Order and asked who requested the mental health evaluation and for what reason.[10] Judge Mallon "ignored [Mr. Carroll] and cut off the video monitor."[11] Mr. Carroll remains in custody.[12]

**II.     Analysis**

Mr. Carroll now pro se sues Judge Mallon alleging emotional distress, assault and battery, defamation, invasion of property, pain and suffering, and loss of "wages, property, and etc."[13] He alleges violations of, "perhaps among other violations," the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; the Civil Rights Act; the Sherman Act; the Tea Tax Act; and the Americans with Disabilities Act.[14] He alleges Judge Mallon lacks jurisdiction and denied him his right to due process.[15] Mr. Carroll seeks $350,000 and equitable relief setting aside Judge Mallon's order he undergo a mental health evaluation.[16]

We granted Mr. Carroll leave to proceed *in forma pauperis*. Congress requires we now screen his complaint and dismiss it if we determine his action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief.[17] We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6),[18] accepting all factual allegations as true and construing those facts in the light most favorable to Mr. Carroll to determine whether he states a claim to relief plausible on its face.[19] Mr. Carroll must also comply with Federal Rule of Civil Procedure 8 requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."[20]

Our Court of Appeals directs us to be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings … particularly where the pro se litigant is imprisoned.'"[21] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[22] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[23]

We screened Mr. Carroll's claims against Judge Mallon. We dismiss all of Mr. Carroll's claims with prejudice because Mr. Carroll's claims fail under the doctrine of judicial immunity.[24]

Mr. Carroll sues Judge Mallon for his decisions as a judge. Judge Mallon is immune when acting in his jurisdiction.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."[25] Absolute judicial immunity extends even where a judge's action "was in error, was done maliciously, or was in excess of his authority."[26] Our Court of Appeals instructs us absolute judicial immunity applies both to claims seeking monetary damages and to claims for injunctive relief.[27] Judicial immunity is abrogated only where a judge has acted "in the clear absence of all jurisdiction."[28]

Mr. Carroll alleges Judge Mallon exceeds his jurisdiction and is not immune from suit.[29] Mr. Carroll's subject matter jurisdiction argument is misguided. Pennsylvania's Constitution vests

the courts of common pleas with unlimited original jurisdiction of *all actions*, except where otherwise provided by law.[30] Mr. Carroll's claims against Judge Mallon relate to actions Judge Mallon took as a judge. Judge Mallon: held a bench warrant hearing; refused to reinstate Mr. Carroll's bail, grant unsecured bail, or rule on Mr. Carroll's pleadings; ordered Mr. Carroll undergo a mental health evaluation; and refused to grant Mr. Carroll's objection to his order to undergo a mental health evaluation.[31] There are no facts showing Judge Mallon acted in the clear absence of jurisdiction. We dismiss with prejudice Mr. Carroll's claims against Judge Mallon.

### III. Conclusion

We dismiss Mr. Carroll's claims against Judge Mallon with prejudice because Judge Mallon is immune from suit.

---

[1] ECF Doc. No. 1 at 3, § IV, ¶ 2.

[2] *Id*. Mr. Carroll alleges this unidentified person involved in his arrest "abused him . . . threaten[ed] to misuse the police and courts against him and threaten[ed] to seriously injur[e] him" for unknown reasons. *Id.*

[3] *Id.* at 4–5, § IV, ¶¶ 4–5. Mr. Carroll searched his first and last name in the "PA Judicial Docket Sheets" but did not find information regarding his case. *Id.* at 5, § IV, ¶ 5. He assumed a judge dismissed the case. *Id.* He alleges he did not find information in the docket sheet because the charging officer misspelled his name on the officer's complaint. *Id.*

[4] *Id.* at 4, § IV, ¶ 4.

[5] *Id*.

[6] *Id.* at 5, § IV, ¶ 5.

[7] *Id.* at 5, § IV, ¶ 6.

[8] *Id.* at 5–6, § IV, ¶ 6.

[9] *Id.* at 6, § IV, ¶ 6.

[10] *Id*.

[11] *Id.*

---

[12] *Id.* Mr. Carroll filed other pro se cases challenging his present treatment while in custody before us. *Carroll v. George W. Hill, et al.*, No. 22-1720 (E.D. Pa.); *Carroll v. Delaware Cty. Prison*, No. 22-2110 (E.D. Pa).

[13] ECF Doc. No. 1 at 6, § V.

[14] *Id.* at 3, § IV.

[15] *Id.* at 6, § IV, ¶ 6.

[16] *Id.* at 6, § VI.

[17] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. § 1915A(a), (b)(1)–(2) (requiring we screen complaints from prisoners seeking redress from a governmental entity or employee of a governmental entity and requiring dismissal for complaints which are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.).

[18] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Turner v. Dist. Att'y Phila. Cnty., et al.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (applying Rule 12(b)(6) standard for screening under 28 U.S.C. § 1915A).

[19] *Elansari*, 779 F. App'x at 1008 (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[22] *Yogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). We are directed by our Court of Appeals this liberal standard is "even more pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Higgs*, 655 F.3d at 339).

[23] *Yogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).

[24] We may also abstain from second-guessing a state court trial judge's decision regarding bail status and requirement of a mental health evaluation of a criminal defendant but need not reach this decision given the absolute immunity afforded Judge Mallon. *See Younger v. Harris*, 401 U.S. 37 (1971); *Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886, 890 (3d Cir. 2022); *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019).

[25] *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

[26] *Id.*

[27] *See Azubuko v. Royal,* 443 F.3d 302 (3d Cir. 2006); *Catanzaro v. Cottone*, 228 F. App'x 164 (3d Cir. 2007); *Bubinovsky v. Pennsylvania*, 455 F.App'x 163 (3d Cir. 2011); *Clark v. Punshon*, 516 F.App'x. 97 (3d Cir. 2013).

[28] *Capogrosso v. The Supreme Court of New Jersey,* 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko*, 443 F.3d at 303.

[29] ECF Doc. No. 1 at 6, § IV, ¶ 6.

[30] *Domus, Inc. v. Signature Bldg. Sys. of PA, LLC*, 252 A.3d 628, 636 (Pa. 2021) (quoting Pa. Const. art. V, § 5).

[31] ECF Doc. No. 1 at 5, § IV, ¶ 6.